JOHN SPOON AND WILLIAM THOMPSON v. HERMAS GILBERT AND BENJAMIN WHITNEY.

*Part-paid certificates for primary school land.*

A bill was filed to compel the re-assignment of primary school land certificates wrongfully withheld, and it was claimed in defense that as complainants had obtained these lands from the State by fraud in filing an affidavit that they were chiefly valuable for agricultural purposes when they were really valuable for pine timber, they were not entitled to relief. *Held*, that defendants could not avail themselves of such an objection; the question of value only concerned the State which appeared to be abundantly secured.

Appeal from Muskegon. Submitted Oct. 29. Decided Nov. 9.

BILL to compel re-assignment of certificates of purchase assigned to defendants, and to restrain them from conveying the property. The bill alleges that complainants Spoon and Thompson were joint owners of a part-paid certificate of purchase of a lot of primary school lands on which there was considerable pine timber; that defendant Gilbert applied to O. A. Rowland, their agent, to purchase these lands and they notified him that their price was $320, reserving such timber as was suitable for lumber and the right to enter and remove it; that Gilbert wrote them the following letter: " TRENT, June (Jan. ?) 4th, 1875. *Mr. William Thompson:* O. A. "Rowland informs me that you would not take less than $320 "for the land my brother offered to pay only $300; but I "advised him to take it and he is anxious to know what he is "going to do as he has another place in view; if he gets this "he wants to move right away, but don't want to move until "he is sure; he is not very anxious, but I want him to take "it, so I have drawn a contract and if you will sign and return "I will get him to sign and leave it with O. A. Rowland. "Please attend to this immediately and oblige me, HERMAS "GILBERT;" that the contract enclosed in the letter did not contain a clause reserving the timber and that when Gilbert's attention was called to the omission he wrote as follows: "TRENT, January 19th, 1875. *Mr. William Thompson:* "Sir:—Yours of the 14th came to hand to-night in regard to "a contract. I can see that it does not bind him, but as he "intends to pay for it I did not think that he need be bound, "but it is all right that he should be bound. Now we will "give you a joint note against Jacob and Hermas Gilbert of the "township of Chester for $300 and my note for $20 due "first of next January, then all the contract you will want "is to reserve the pine, but we would like to have some time "specified that the pine should be taken off in. I think two "years would be time to take it off in. I suppose that note "is as good as money in the bank. Conklin of Ravenna told "my brother that any time he got hard up for money to let "him know how hard up he was and he would cash the note. "If those terms will suit you please let me know by return

"mail and we will make the contract when you come up. "Yours truly, HERMAS GILBERT;" that complainants accepted this proposition, received the notes and assigned the certificate to Gilbert, who afterwards refused to make a contract securing them in the right to the timber, whereupon they tendered back the notes and demanded a re-assignment of the certificate, which was refused; that defendant Whitney, however, had obtained an assignment to himself without consideration and had conspired with Gilbert to defraud them of the property. The bill asks that they be compelled to re-assign the certificate and be enjoined from selling the land or removing the timber therefrom. A decree was granted in favor of complainants, and defendants appeal. Affirmed.

*Lowing & Cross* for complainants.

*Andrew T. McReynolds* for defendants.

MARSTON, C. J. That complainants were to have the pine timber upon the lands described in the certificates assigned to defendant Gilbert, and that the latter was to give them a written agreement to that effect, we have no doubt. The value of the lands with the timber thereon, the consideration paid, the letters written to complainant Thompson, and the omission to produce his letters in reply thereto, as well as the oral testimony on both sides, clearly establish the fact of reservation.

It is not shown that defendant Whitney is a *bona fide* purchaser. His purchase would seem to be colorable merely, but whether so or not, he has not proved the payment of any consideration or attempted so to do.

It is said that complainants in purchasing these lands from the State committed a fraud, in reference to the pine timber in dispute, and that they cannot therefore obtain relief in this case. The fraud, if any, consisted in Thompson's making and filing with the Commissioner of the State Land Office an affidavit that these were not pine lands and were valuable mainly for agricultural purposes.

Under the statute the minimum price of school lands was

fixed at four dollars per acre—one-quarter payable in cash and the balance on time. If the land was valuable mainly because of the timber growing thereon, a difference would be made in the time of payments, or security be required. Comp. L., §§ 3817, 3823. The price per acre of the land was not increased, and the additional payment or security was required for the protection of the State.

In this case it is not questioned by any (and an agent of the State was examined) but that the land, even stripped of the pine, was ample security for the unpaid balance to the State, and besides, the complainants offered to secure the State against all loss. The State therefore is not injured and seems to be satisfied, and defendants cannot under such circumstances take advantage of this objection.

The decree must be affirmed with costs.

The other Justices concurred.